DAVID L. CARTER *vs.* OPHELIA CARTER.

In cases like this, whenever the chancellor shall ascertain from the increase of the property, failure of the security, or other cause, that the bond is deficient, he may at any time direct another bond to be given.

On appeal from the superior court of chancery ; Hon. Charles Scott, chancellor.

The opinion of the court contains all that is necessary to a proper understanding of the case. In *Carter* v. *Carter*, 14 S. & M. 59, this case has been before adjudicated by the court.

*Carnot Posey*, for appellant.

This cause has been fully discussed and adjudicated by this court in the case of *Carter* v. *Carter*, 14 S. & M. 59, wherein this court reversed the decree of the chancellor of the southern district vice-chancery court at Natchez, because, First, the husband (Carter) was not protected from disturbance on account of the debts of his wife, contracted after the separation; Second, because the decree was not so framed as to protect the rights of those interested in the event of her death. That the decree was erroneous in awarding the whole property to the wife, without providing any security against her debts, and without requiring that the property should not be removed beyond the jurisdiction of the court, to the prejudice of ulterior interest. The cause was reversed for the above reasons, and remanded to said vice-chancery court for further proceedings, in accordance with the opinion of this court, purporting to comply with the mandate of this court. The chancellor of said vice-chancery court at the December term, 1851, thereof, rendered another decree, from which decree an appeal was prayed to the superior court of chancery, which latter court affirmed the decree of the vice-chancellor with cost, &c. Hence this appeal was prayed from said superior court of chancery, affirming the decree of the court below. For a reversal of this decree we contend, that though the vice-chancellor apparently complied with the decis-

Carter *v.* Carter.

ion of this court, he did not do so in substance and effect. One of the reasons for reversing the first decree of the vice-chancellor was, that ulterior interest in the property in controversy was not protected. How is this interest to be protected ? By taking a bond with good security commensurate with the amount or value of the property in controversy. The vice-chancellor then should have ascertained by commissioners of his court, or otherwise, the exact value of the property, and required a bond to the full amount of· its value at the time of rendering the decree. The chancellor ordered a bond of $5,000 only to be given by Mrs. Carter, without any proof or evidence of the true amount or value of the property to direct him ʼin his decision ; so far as this court is, or the vice-chancellor was advised, the property may be worth $20,000. If, then, the property is of greater value than the amount of the bond, what protection or security will there be for the ulterior interest? The parties may forfeit and pay the bond, and dispose, squander, or run off the property, and thereby defeat the meaning and intention of the courts. There should be some data to fix the amount of the bond for the protection of the property, and the vice-chancellor should have taken proper steps to ascertain the amount of the property before entering the decree.

*W. T. Martin*, on the same side.

*J. Winchester*, for appellee.

The chancellor committed no error. The bond is sufficient to secure D. L. Carter against the debts of Ophelia Carter, and the ulterior interests of others in the negroes. No debts are shown, and the interests of others are entirely contingent.

Mr. Justice Fisher delivered the opinion of the court.

The vice-chancellor in decreeing the property in controversy to the complainant, directed her to enter into bond with security in the sum of five thousand dollars.

The counsel for the appellant insists that the cause should have been referred to a commissioner to ascertain the value of the property, and that the bond should have been directed to

be given in a sum double the value of the property thus ascertained.

There is nothing in the record showing that the bond is not sufficient to protect the appellant in his ultimate interest in the property. If the bond shall, from the increase of the slaves, the failure of the security, or other cause, prove insufficient, the vice-chancellor can at any time direct another one to be given.

Decree affirmed.